UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
KATHERINE and KEITH BELCHER,    )      No. 05-36310
                                                )
                            Debtors.        )

**O P I N I O N**

The facts in the matter before this Court are not in dispute. The Debtors, Katherine and Keith Belcher, are wife and husband. At the time that they filed their Chapter 7 case in bankruptcy, Katherine Belcher was the titled owner of their residence.  Keith had no title interest in the residence. Both of the Debtors claimed a homestead exemption in the residence.  The Trustee objected to the claimed exemption by Keith Belcher.  The residence was sold and Katherine Belcher was paid $7,500 for her homestead interest.

The issue before this Court is whether Keith Belcher can claim a $7,500 homestead exemption even though he had no titled interest in the residence.  The bankruptcy courts sitting in Illinois have issued conflicting opinions on this issue.

Illinois statutes provide for a homestead exemption, pursuant to 735 ILCS 5/12-901.  At the time of filing of this petition, the statute, in relevant part provided as follows:

> "Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in a farm or lot of land and buildings thereon, a condominium, or personal property, owned or rightly possess by lease or otherwise and occupied by him or her as a residence, or in a cooperative that owns property that the individual uses as a residence."  735 ILCS 5/12-901.

The Bankruptcy Court for the Northern District of Illinois was apparently the first bankruptcy court to address the issue and held that a non-titled spouse was entitled to claim a homestead exemption. *Matter of Reuter,* 56 B.R. 39 (Bankr.N.D.Ill. 1985). Then in *In re Popa,* 218

B.R. 420 (Bankr.N.D. Ill. 1998), another judge, sitting in the Bankruptcy Court for the Northern District of Illinois, rejected the reasoning in *Reuter* and held that title was required to claim a homestead exemption. On appeal, the district court affirmed the bankruptcy court, *see Popa v. Peterson,* 238 B.R. 395 (N.D.Ill. 1999).

The Bankruptcy Courts for the Central District of Illinois also have reached conflicting results. In *In re Owens,* 74 B.R. 697 (Bankr.C.D.Ill. 1987), the Judge sitting in the Springfield Division, held that title was required to claim the exemption. His opinion was followed by the undersigned Judge, while sitting in the Peoria Division, in *In re Hartman*, 211 B.R. 899 (Bankr.C.D.Ill. 1997). Subsequently, the Judge sitting in the Danville Division, in *In re Silverman*, 98 B.R. 415 (Bankr.C.D.Ill. 1988), held title was not required.

The Bankruptcy Court for the Southern District of Illinois has yet to address this specific issue. However, in *In re Morris*, 115 B.R. 626 (Bankr.S.D.Ill. 1990), the court had to determine if husband and wife co-debtors could both claim homestead interests where they had no record title, but succeeded to the title held by their family-owned corporation when it was dissolved. In holding they could, the court stated:

> Illinois courts have consistently held that the statutory phrase "owned or rightly possessed by lease or otherwise" requires that a debtor have title or some ownership interest in property in order to claim a homestead exemption.
>
> While there must be some right or interest to which the homestead attaches, fee simple title is not necessary, and the homestead exemption will protect any estate in land that could be seized and sold on execution were it not occupied as a residence. (Citations omitted).

*In re Morris*, 115 B.R. at 627.

The bankruptcy court in *Morris* rejects the general proposition that record title is required to claim the exemption. In order to provide parties in interest involved in bankruptcy cases filed in

the Southern District of Illinois with a consistent and predictable holding upon which they can rely in filing bankruptcy, it is held that a non-titled spouse who otherwise meets the requirements of the Illinois homestead exemption statute can claim a homestead exemption.[1]

For these reasons, the Trustee's objection to the homestead claim of Keith Belcher should be denied, and Keith Belcher should be paid $7,500 from the sale proceeds for his homestead exemption.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  See Order entered this day.

ENTERED: October 20, 2006

       /s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Judge, who issued the opinion in *Silverman,* also sits in the Southern District of Illinois.